**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grisell Alves,<br><br>    Plaintiff,<br><br>vs.<br><br>Emerald Correctional Management LLC,<br><br>    Defendant. | No. CV 11-00509-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion to set aside entry of default (doc. 8), plaintiff's response (doc. 9), and defendant's reply (doc. 11).

Defendant moves to set aside the entry of default judgment pursuant to Rule 55(c), Fed. R. Civ. P. Defendant argues that the entry of default is the direct result of plaintiff's own "bad faith litigation tactics" (doc. 8 at 1). It is undisputed that the parties agreed that defendant would waive service of process. Defense counsel operated under this assumption. Plaintiff's counsel, however, apparently changed his mind and decided to serve the complaint via a process server. Plaintiff's counsel did not inform defense counsel of this change and defense counsel was unaware that a complaint had been served. When no answer was filed, plaintiff's counsel simply applied for an entry of default. Plaintiff's counsel argues that this conduct is irrelevant because defense counsel offers no explanation as to why she didn't know Emerald Corporation was served and file an Answer.

1    We may set aside an entry of default for good cause shown. Rule 55(c), Fed. R. Civ.
2    P. We consider: (1) the moving party's culpable conduct; (2) prejudice to the non-moving
3    party; and (3) the moving party's meritorious defenses. <u>TCI Group Life Ins. of N. Am. v.</u>
4    <u>Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001). Good cause has been shown. Defense counsel
5    reasonably acted under the assumption that a waiver of service would be sent, rather than
6    formal service of process. When plaintiff's counsel changed his mind about the method of
7    service, he should have informed defense counsel, or at least contacted defense counsel
8    before simply filing an application for default. Defendant did not intentionally fail to answer.
9    Given the early stage of this litigation, plaintiff will not be prejudiced by setting aside the
10   default. Defendant also has demonstrated a meritorious defense.

11   **THEREFORE, WE GRANT** defendant's motion to set aside entry of default (doc.
12   8).

13   DATED this 15th day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge