**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grisell Alves, | CV 11-00509-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Emerald Correctional Management LLC, | |
| Defendant. | |

The court has before it defendant's motion to dismiss for failure to join an indispensable party (doc. 23), plaintiff's response (doc. 24), and defendant's reply (doc. 25).

Plaintiff is currently married to Robert Alves. Plaintiff and her husband have been living apart since 2008, although no divorce or separation proceedings have been initiated. Robert Alves entered a rehabilitation facility in Oklahoma about two years ago to recover from an addiction, and is currently living and working in Oklahoma. Plaintiff filed this action on March 17, 2011, alleging that defendant wrongfully terminated her employment and discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Robert Alves was not named as a party.

After successfully moving to set aside entry of default, defendant answered the complaint on August 1, 2011 (doc. 14). Defendant now moves to dismiss the complaint

pursuant to Rules 12(b)(7) and 19, Fed. R. Civ. P., for failure to join an indispensable party.[1] Defendant argues that without Robert Alves as a plaintiff, the court cannot accord complete relief among the parties. Given her estrangement from her husband, plaintiff would prefer to prosecute her case separately, "without first obtaining her husband's permission or cooperation." Response at 3.

Arizona is a community property state. Consequently, Arizona law requires that spouses be sued jointly to reach community assets. A.R.S. § 25-215; Eng v. Stein, 123 Ariz. 343, 345, 599 P.2d 796, 798 (1979) (A.R.S. § 25-215 requires that actions to collect community obligations "be brought against both the husband and wife"); Spudnuts, Inc. v. Lane, 139 Ariz. 35, 36 (Ct. App. 1984) ("A judgment against one spouse does not bind the community."). If defendant succeeds in this action, it might be awarded costs and attorney's fees under Title VII. See 42 U.S.C. § 2000e-5(k). Defendant argues that unless plaintiff's husband is joined as a party, defendant would not be able to enforce a judgment against the marital community. See Weimer v. Maricopa Cnty. Cmty. Coll. Dist., 184 F.R.D. 309, 310-11 (D. Ariz. 1998) (analyzing Arizona law and holding that spouse was a necessary party in an action under 42 U.S.C. § 1983, because a judgment awarding attorney's fees to the defendant if it prevailed would not be binding absent plaintiff's spouse). Thus, without Robert Alves as a plaintiff, defendant argues that "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).

We disagree. If plaintiff prevails, the absence of her spouse from these proceedings will not affect a judgment in her favor. And if defendant prevails, recovery of attorney's fees is remote. Under Title VII, a defendant's attorney's fees are only recoverable when claims are "frivolous, unreasonable, or groundless." Harris v. Maricopa County Superior Court, 631 F.3d 963, 971 (9th Cir. 2011) (citing Christianburg Garment Co. v. EEOC, 434 U.S. 412,

---

[1] Rule 12(b), Fed. R. Civ. P. requires that a motion asserting a 12(b) defense "must be made before pleading if a responsive pleading is allowed." Defendant's 12(b) motion was filed two months after its answer to the complaint. Plaintiff has not objected to the timeliness of the motion. Accordingly, we will not address the issue of timing.

422, 98 S. Ct. 694, 701 (1978)).  We decline to conclude at this early stage of the case that plaintiff's spouse is a necessary party based on a distant possibility that defendant might be entitled to fees and costs.

Our decision today will not prejudice defendant.  Rule 12(h)(2), Fed. R. Civ. P. preserves the defense of failure to join an indispensable party, which can be raised as late as trial.  If summary judgment practice exposes plaintiff's claims to be frivolous, unreasonable, or groundless, such that an award of attorney's fees to defendant is no longer mere speculation, then defendant can renew its defense of Robert Alves' indispensability.

Therefore, **IT IS ORDERED DENYING** defendant's motion to dismiss for failure to join an indispensable party without prejudice (doc. 23).

DATED this 3rd day of November, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge